**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Paul Pearson, Sr., | No. CV-16-03094-PHX-DGC (BSB) |
| Plaintiff, | **ORDER** |
| v. | |
| GEO Group Incorporated, et al., | |
| Defendants. | |

Plaintiff Peter Pearson, who is confined in the Central Arizona Correctional Facility (CACF), brought this pro se civil rights action under 42 U.S.C. § 1983 against the following CACF officials: Deputy Warden Lisa Brewer, Correctional Programs Supervisor Christie Gordon, Lieutenant Dowling, and Correctional Officer (CO) R. Cantrell. Before the Court are Plaintiff's two motions for injunctive relief (Docs. 12, 42) and Defendants' motion to dismiss for insufficient service (Doc. 35). The Court will deny all three motions.

**I.   Background**

Plaintiff presents six counts for violation of his First Amendment free speech and mail rights, equal protection rights, and due process rights against CACF officials, the private prison facility that contracts to hold Arizona Department of Corrections (ADC) prisoners. All of Plaintiff's claims concern his ability to send mail. In his first four claims, Plaintiff alleges that ADC policy permits indigent inmates to send out first class mail, including personal property or unauthorized property, by placing a hold on the

inmate's trust account (Doc. 1 at 5-8). CACF refuses to follow this policy, however, which Plaintiff alleges unconstitutionally impinges on his right to send mail under the First Amendment. Plaintiff further alleges that Defendants' actions are retaliatory because he previously prevailed on a grievance (*id.*). In his last two claims, Plaintiff alleges that since August 9, Cantrell, as the mailroom officer and acting on behalf of the other Defendants, has refused to process or send out Plaintiff's mail, allegedly in violation of ADC Department Orders (DO) 909 and 914 (*id.* at 9-10). Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages (*id.* at 11).

## II. Motions for Injunctive Relief

### A. Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. It requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**B.     Discussion**

**1.     Motion Seeking Injunction Regarding Mail**

In his first motion, Plaintiff seeks an order empowering him to send out first class and/or certified mail, authorized and/or unauthorized property, or completed hobby craft at his own "expense" by presenting a signed ADC money withdrawal form, thereby placing a hold on his trust account to cover the postage cost (Doc. 12 at 1-2).

Plaintiff asserts that CACF's refusal to comply with ADC policies regarding indigent mail is a violation of his First Amendment rights and is taken in retaliation for his filing of a grievance. But allegations that a defendant violated a prison policy do not, by themselves, amount to a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy). And in his motion, Plaintiff requests blanket approval to send out first class and/or certified mail, authorized and/or unauthorized property, or completed hobby craft. There is not, however, any connection to his grievance activity or discussion of any particular mail he wishes to send. On this record, Plaintiff has not established that CACF's refusal to mail out unlimited, unspecified mail necessitates injunctive relief. *See, e.g.*, *Walker v. Davis*, 533 Fed.Appx. 471 (5th Cir. 2013); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986)

("However, although prisoners have a right of access to the courts, they do not have a right to unlimited free postage.") (citing *Bach v. Coughlin*, 508 F.2d 303, 307-08 (7th Cir. 1974)). Additionally, Plaintiff expressly disclaims that his claim relates to sending legal mail, and the record makes clear that he is able to send his filings to the Court (Docs. 12-14, 17-18, 23-25, 27, 29, 38, 41-43, 45).

Nor does Plaintiff satisfy the high standard of showing imminent irreparable harm absent an injunction. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F. 2d 668, 674-675 (9th Cir. 1988) (speculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction). Plaintiff's motion for injunctive relief is therefore denied.

### 2. Motion Seeking Injunction Regarding Disciplinary Tickets on Piercings

Plaintiff seeks injunctive relief concerning his nipple rings. Specifically, he seeks an order prohibiting attempts to "remove, touch, probe, or molest" his nipple implants or to issue disciplinary tickets regarding them (Doc. 42). But "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunctive relief is inappropriate for matters "lying wholly outside the issues in the suit."). Because Plaintiff's Complaint concerns mail, not nipple rings, the Court cannot issue the requested injunction. Plaintiff's second motion for injunctive relief is denied.

### III. Motion to Dismiss

Under Federal Rule of Civil Procedure 4(m), if a summons and complaint are not served on a defendant within 90 days after filing, the court shall either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. Local Rule of Civil Procedure 16.2(b)(2)(B)(ii) alternatively requires that

service be effected within 60 days of the Court's Service Order, which, in this case, was filed on February 1, 2017.

Rule 4(m) requires a district court to grant an extension for service if there is good cause for the delay. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090. n. 2 (9th Cir. 2003)). Rule 4(m) also permits the district court to grant an extension even in the absence of good cause. *Id.*; *U.S. v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). Courts should give the Rule 4 provisions a liberal and flexible construction. *Borzeka v. Heckler*, 739 F.2d 444, 446-48 (9th Cir. 1984). And when determining whether an extension for service is warranted, a district court should consider factors such as prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041.

Under 28 U.S.C. § 1915(d), if a court has granted *in forma pauperis* status to a plaintiff, the court is responsible for performing all service-of-process duties. Incarcerated pro se plaintiffs proceeding *in forma pauperis* are therefore entitled to rely on the U.S. Marshal for service of the summons and complaint and cannot be penalized by dismissal of the action for failure to effect service where the Marshal has failed to perform his duties. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). As long as the prisoner-plaintiff has provided the information necessary to identify the defendant, the Marshal's failure to effect service is automatically good cause within the meaning of Rule 4(m). *Walker*, 14 F.3d at 1422 (citing *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)); *see also Puett*, 912 F.2d at 276.

### A. Procedural Time Line

Plaintiff filed this action on September 12, 2016 and, on February 1, 2017, the Court issued a Screening and Service Order directing service on Defendants (Doc. 5). Under Local Rule of Civil Procedure 16.2(b)(2)(B)(ii), service should have been effected by April 2, 2017. The Service Order directed Plaintiff to return the service packet to the

Court within 21 days from the date of the Order (*id.*). The Court received the service packet from Plaintiff on February 16, 2017 and the Clerk of Court forwarded it to the U.S. Marshal the same day. Waivers of service were returned for Defendants Gordon, Cantrell, Brewer, and Dowling, but the waivers were not signed personally by Defendants or their attorney (Docs. 7-10). Rather, they were signed on February 27, 2017, by Alyssa Hiniker, an unknown GEO Group employee. Upon discovering that Defendants did not properly waive service, the Court directed the U.S. Marshal to personally serve Defendants in conformity with the February 1, 2017 service order (Doc. 28). Service was returned executed on September 6, 2017. On September 27, Defendants moved to dismiss for improper service, contending that because service was not effected by April 2, 2017, they should be dismissed from this action.

### B. Good Cause

The Court finds good cause for an extension of the service deadline in this case. The Court's February 1, 2017 Service Order directed the Marshal to personally serve the individual Defendants if waivers of service were not returned within 30 days. Defendants ignore that an unauthorized GEO representative improperly returned the Waivers of Service on their behalf, an act that misled Plaintiff into believing that service had been properly effected.

Plaintiff satisfied the requirement to timely provide the necessary information for the Marshal to perform service. Lack of timely service cannot, as a matter of fact or law, be attributed to Plaintiff. *See Whale v. U.S.*, 792 F.2d 951, 953 (9th Cir. 1986). Further undercutting Defendants' argument is their wholesale failure to allege—much less demonstrate—any prejudice from the 5-month delay in effecting service. *Cf. Efaw*, 473 F.3d at 1041 (seven-year failure to serve prejudiced the defendant). The motion to dismiss on this basis will be denied. Defendants must answer the Complaint within 14 days of this Order.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Preliminary Injunction and Motion for Emergency Preliminary

Injunction and Defendants' Motion to Dismiss (Docs. 12, 35, 42) and the motions are **denied**.

**IT IS FURTHER ORDERED** that Defendants must file their Answers within 14 days of this Order.

Dated this 19th day of March, 2018.

David G. Campbell
United States District Judge